Next is No. 236665, United States v. Leiser. Ms. Marr. Yes, good afternoon. I represent Maxwell Leiser, the appellant in this case. Mr. Leiser is 37 years old and he is serving a sentence of 130 months. He is still incarcerated. The district court's inclusion of 24 grams of methamphetamine amounted to clear error for several reasons, and it explains why he is – partially explains why he is still incarcerated. The drug trafficking conspiracy to which Mr. Leiser pleaded guilty to involved only heroin and cocaine base. As we were just saying, the guidelines say that the offense is not simply the offense of conviction but also relevant conduct, which includes other offenses that are part of a common scheme or plan or a similar course of conduct. And the guidelines explicitly say it could involve other drugs and other drug quantities. And so if you're dealing other drugs at the same time you're – as the offense of conviction, that's relevant conduct, isn't it? Well, there is no proof he was dealing other drugs at that time. If you look at the PSR, it specifically says that the investigation revealed that Patrick, who was the lead defendant, led a drug trafficking organization in that his role involved procuring distribution quantities of cocaine and heroin from suppliers in New York City. He then cooked the cocaine into cocaine base and he had co-conspirators distribute that. So that would be – That conspiracy only involved cocaine and heroin. Correct. If your client were dealing methamphetamine at the same time, that would still be relevant conduct, wouldn't it be? It would be, but there's no evidence – Even if he were freelancing, not as part of the other drug conspiracy. But that's speculation. There's no evidence he was ever dealing methamphetamine. But it's speculation. The district court thought he was, right? He had a large quantity of it and it was found next to various paraphernalia that are associated with drug dealing, right? Well, it was found in the kitchen with other paraphernalia, but you have to look at the totality of the circumstances here. And the fact is that just because it was in the same room doesn't mean that it's part of the same offense. The fact – one criminal act – So now does that mean that this argument depends on what's the conclusion to be drawn from the evidence as to whether it was intended for sale or some other purpose? Is that what you're saying? I'm saying that one criminal act does not become relevant to a second act under the guidelines by the bare fact that there's a temporal overlap. This was a young man – It's not a bare fact of a temporal – I mean, there is a temporal overlap and that, you know, is relevant. But that's the only – There's also the drug paraphernalia that's found next to it, right? And a large quantity of it. Well, the drug paraphernalia found next to it could have had something to do with the charged crimes. But the methamphetamine may very well have been and all likely was, you know, his own drugs. He had a massive drug addiction. His attorney said this at sentencing. He was shooting, according to his attorney, 30 bags of heroin a day. He says to the district court that he has a drug addiction. The district court could have concluded that this was for personal use. And I mean, that would still be relevant conduct. But, you know, he concludes that it's relevant because it looks like he's also dealing it. That's the determination that the Supreme Court used to make by a preponderance of the evidence, right? Correct, but we're arguing here that the evidence – You might conclude that he's dealing that by preponderance of the evidence? You might also likely conclude that he was using that by the preponderance of the evidence. And our position is that the district court erred when it reached that determination. That's why we're appealing it. We don't believe the district court was correct on that. Based on what the prosecution knew about this case, they could have charged him with methamphetamine. It wasn't something that showed up afterwards at some – Is it really erroneous to make that conclusion? Like, it's just obvious that he was – I mean, you even said – you couldn't even say he was necessarily using it for personal use. You just said he probably was because he had a big drug addiction, right? That's correct, yes, but I think that the – So you don't know for sure that that's why it was there. And so if that's true, why couldn't the district court have concluded by preponderance of the evidence that it was there for another reason? Because I believe that the preponderance of the evidence shows that it was there more likely for another reason than for dealing it. If you look at his priors, there's no priors where he's dealing methamphetamine. In fact, most of his priors are for using drugs and for doing stupid things while he's using drugs, like driving while impaired or robbing a Walmart or stealing $186 worth of chocolate. I mean, this is a guy with a serious drug problem that he himself says, at sentencing, my problem's more serious than the PSR has even identified. So, you know, to me, and I think there's certainly preponderance of the evidence that would support – in fact, more than a preponderance that would support that these were – these drugs were not part of that conspiracy. Okay. I think it's a prejudicial assumption because he was dealing other drugs. That must have meant that he was dealing these, too. It's just as likely, if not more so, based on the evidence that these drugs were not part of that conspiracy. And there's no – there's no evidence anywhere at all in the record. And the government has not shown, has not connected this methamphetamine with this – with the crimes that this conspiracy – But if he actually takes it to those crimes, then could he be a separate crime? It just has to be – involve a similar modus operandi or elements, right? Well, it – relevant conduct would be something that occurred during the commission of the offense, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. This did not occur – Yeah, but also separate offenses that together would be grouped for purposes of the guidelines and that involve a common scheme or plan or a course of conduct, right? Yes, but that which you would need to have a showing it was substantially connected to that conspiracy. It wouldn't just be something random. And in our – it's our position that this was not just an error that had no consequences because of the fact the judge added in – or actually, it was the PSR, it was probation, and the judge adopted it. Mr. Leiser wound up being sentenced to 130 months. The guidelines, as calculated with this methamphetamine, wound up being 130 to 162 instead of 92 to 115. So, you know, I know he's in for 120, which was the maximum on counts two and three. He would have been in for that anyway, but he's now doing 130, an extra 10 months, as a result of this. When the PSR was presented to the district judge, was there a discussion of the issue that you're raising? Yes. The defense attorney raised this issue prior to sentencing. And what was the substance of that conversation? He said that there was nothing in the charge or in the PSR that connected this methamphetamine to what Mr. Leiser pleaded guilty to and that it shouldn't be included. And what finding, if any, did the district judge make? The district judge adopted what the probation put in the PSR. Having heard the arguments on both sides. Yes. Rejected the defense argument. But, again, the reason we're in an appeals court now is because lower court can be incorrect. That doesn't defy logic. And so that's why I'm here. And with respect to the second claim that I just wanted to raise, should this court not find a procedural bar or waiver, it remains Mr. Leiser's contention that Section 922G1 is unconstitutional as applied to him, notwithstanding his record of prior felony convictions. We have that argument. Okay. Thank you. Thank you very much. Ms. Marr, we'll hear from you again on rebuttal, but let's turn to the government.  Mr. Rothenberg. Good afternoon, and may it please the Court. Joshua Rothenberg for the government. The methamphetamine here was found in the same room as cocaine and in the same room as drug paraphernalia for dealing in drugs. It was not clear error, and it was certainly not plain clear error for the district court to conclude that it was relevant conduct under the broad standards of 1B1.3a2. I would also be remiss if I did not note that the defense did not actually argue that it was not relevant conduct under 1B1.3a2 in its opening brief, and its reply brief only addressed the similar scheme or plan and did not address the same course of conduct argument.  And so your argument would be that it is part of the same course of conduct, right? That's correct, Your Honor. We actually think it's — And the course of conduct would be offenses that are sufficiently connected or related to each other as to warrant the inclusion. They're part of a single-episode, spree or ongoing series of offenses. That's correct, Your Honor. And so the district court here concluded that he is dealing drugs, and in addition to the offense of conviction, also dealing with methamphetamine. That's correct. Well, what about defense counsel's argument that, you know, the better conclusion is that it was for his personal use? So, Your Honor, I think that would not be a great conclusion here, given the amount and given that it was found near drug-dealing paraphernalia and near drugs that the defense does not contend were personal use drugs. That being said, even if that were a permissible conclusion, it is not compelled by the record, and therefore, under the clear error standard, and again, certainly through the lens of — It wouldn't be clearly erroneous, you're saying. Correct. Let's say it were for personal use. Let's say we — would that still be part of the same course of conduct? Is possession relevant conduct with respect to a conviction for possession with intent to sell? Your Honor, I'm afraid I don't have the specific case on this. I do believe this Court has generally held that possession offenses need more to be proven to be part of the same course of conduct than just simply — So let's turn on this question, you're saying. Yes, Your Honor. But you think that just there was enough evidence to conclude that he was selling? Yes, Your Honor. Under the clear error standard and especially under the plain error standard, which does apply here, because despite what the defense has said, in the district court, the argument was for a variance. It was that the district court should not consider this because it's uncharged conduct, which is essentially just a disagreement with the relevant conduct system that the Sentencing Commission has chosen to adopt. That being said, there was no argument that this did not meet the relevant conduct standards before the district court. That argument appears for the first time on appeal. And so it's the plain error standard. And that is the length through which — Well, even if it's clear error, your position would be like there's a reponderance of the evidence — Yes, Your Honor. — to allow you to draw this conclusion. Yes, Your Honor. To be clear, we don't think there was error at all. We just certainly think if there was error, it was neither clear nor plain. Well, what about the point that Ms. Marr made, that he doesn't have a history of selling methamphetamine? And so actually it's pretty clear that if he had a bunch of methamphetamine, that was for personal use. Well, so it's not — It's a history of using drugs and of selling other drugs. It's not clear that he has a history of personally using methamphetamine either. The PSR says that he used cocaine, heroin, and something called molly, which is typically ecstasy. I realize that sometimes defendants are not precise with that. But it's not clear that he ever used methamphetamine at all. So I don't know why that would be more likely that he is possessing it for his own use rather than planning to sell it. Okay. I'm happy to answer any other questions on that issue. Otherwise, I will just briefly turn, or potentially not. To the constitutional question. To the constitutional question. So for the constitutional question, you know, the factual basis for the plea was criminal possession, right? So if he pleads guilty to criminal possession, why does that show that he's too dangerous to have a gun? Well, so two things, Your Honor. The factual basis that we presented did focus on the 2013 conviction. But the district court could conclude from the PSR that he was unable to possess a gun based on his other two convictions as well or all three of them together. United States v. Petit, P-A-T-T-E-E, says that the district court may make, find a factual basis based on the PSR. Every court to have considered. But the question is whether the felon in possession statute is unconstitutional, right? Yes, Your Honor. Unconstitutional. It doesn't depend on these factual findings at sentencing, right? That's whether Congress is allowed to prescribe gun ownership. I agree, Your Honor. The reason I make this point is because it's not just the 2013 conviction that matters. He has three prior convictions, an attempted sale conviction, the possession with intent conviction that you just referenced, and then a driving conviction as well.  So there are three convictions. So when you're talking about whether it's unconstitutional as applied to him, we're thinking about not just a person who's just been convicted of criminal possession, but who is a, but. That's correct, Your Honor. The reason he's a felon in possession in the first place is because of the prior felonies. Yes, Your Honor. And what are the prior felonies again? So it's attempted sale, possession with intent, and then a driving under the influence conviction, Your Honor. Okay. Well, so those are drug offenses. So why does that show that he is dangerous and therefore couldn't possess a gun? Your Honor, the connection between drug offenses and violent offenses is well known. In fact, even the circuits that have held that there may be as applied challenges to 922g1 have said that drug offenses, specifically I should say drug trafficking offenses, which his drug offenses were, that drug trafficking offenders would still be able to be convicted. The Sixth Circuit said this in the United States v. Williams. The Ninth Circuit said this in its now vacated decision, the United States v. Duarte. By the way, there's other things we cited, for example, Fulgitar, that also say this. The reason is because there is a connection between drugs and guns. 924c is not an unknown statute to this Court that makes it particularly dangerous when drug defendants have guns. That being said, Your Honor, I do want to point out we are talking about three offenses. The defense did and continues to only argue that his 2013 offense is not a sufficient basis to disarm him. Even if you agree with that argument, you would have to affirm because he has the other two offenses. And we are under the rule that drug trafficking offenses are sufficient to demonstrate the kind of dangerousness that would allow the Congress to remove the right to bear arms from something. Your Honor, we're under the plain error standard here. The defense has to show there was an error. And if the defense is only saying the error would be for a defendant with one prior conviction from 2013, then that's the as-applied challenge they've brought. They can't now say, well, we mean all the offenses together. That being said, the plain error standard would dispose of this case regardless. As I alluded to, there's a circuit split as to whether as-applied challenges can even be maintained as against 922G. This Court has yet to weigh in. The Supreme Court certainly has not weighed in. And what that means is that he cannot show that it is contrary to binding precedent. Additionally, this Court in Boggle before Bruin said that 922G1 was constitutional in all of its applications. It said that based on what Heller and McDonald had said about the statute. Yeah, but the Supreme Court now has told us that the ability to strip somebody of their second amendment rights has to be tied to some kind of dangerousness on the part of the defendant, haven't they? They have not, Your Honor. They have not. They repeated the Heller assurances. Six justices in Bruin repeated them. And then the Court repeated it again in Rahimi. So it may well be that there is a special exception here or that they are simply making that determination for this Court. At the very least, Boggle can't be said to have been clearly and pollusively undermined by either Bruin or Rahimi because, again, those assurances show up in both cases.  Thank you very much, Mr. Rothenberg. We'll hear back from Ms. Marr on rebuttal. Thank you. First off, I just want to controvert what the government is saying about Mr. Leiser's claim regarding the methamphetamine not being preserved, specifically the relevant conduct argument. The judge, Judge D'Agostino, at sentencing herself recognized that. Defense counsel was arguing that the methamphetamine was improperly included both as relevant conduct and uncharged conduct. And that is in my appendix at A102. And the relevant part of what she said is, speaking with Mr. Breslin, the defense attorney, you've also noted that the Court has been asked to consider as relevant conduct the fact that methamphetamine was found at the defense department. And you noted for the Court that the defendant did not plead guilty to any charge regarding methamphetamine. So the argument was made, and our position is it is not clear that our plaintiff Didn't plead guilty to that charge. Doesn't mean that it's not relevant conduct, right? Because relevant conduct includes other offenses. Correct. But the argument was made to the judge that the methamphetamine should not have been considered relevant conduct at Mr. Leiser's sentence by trial counsel.  That's what I'm saying. So I guess the government would say, but it was for the reason that it was uncharged conduct. No, she recognized. It also wouldn't qualify as relevant conduct. She recognized two separate reasons. And so the reason why it shouldn't qualify as relevant conduct, you're saying, is because he did not have the intent to sell the methamphetamine. It was for personal use. Correct. And as far as the government's. Well, the district court determined that it was to sell. And so why is that clearly erroneous? So if it's found. Again, if you look at his track record and the evidence, the totality of the evidence, the preponderance of the evidence, if not more, shows that this was used, was for personal use. He was using 30 bags of heroin a day. Okay? So why couldn't he use that methamphetamine personally? He, there's a, within the PSR, he was stopped for something, and they found 12 Klonopin pills in his bag. Take one Klonopin pill, it's going to knock you out, let alone 12 of them. I mean, this was a guy who had a high tolerance. He has a high tolerance, and he takes a lot of different kinds of drugs. It's not just heroin. It's not just cocaine. It's pills. It's anything he can get his hands on. And I don't see why, you know, we, the court below, should be assumed to be. You're not arguing the other drugs that were found in his apartment were for personal use, are you? No, I am not. I'm arguing that those were part of the. There are some drugs that are found in his apartment that were not, I mean, even that  That this had nothing. He could get his hands on. It's not literally all of them. Okay, yes. But those drugs he was selling in order to support his habit. Was some of that cocaine? Pardon me? Was some of that cocaine? He was selling cocaine-based heroin. No, what? Was some of it, so it was cocaine-based? So he would use cocaine and sell it? No, he doesn't. He would use cocaine. Okay. According to some of his. I have to go back and look at the. You don't have to. I have to go back and look at the PSR to see exactly what substances he was accused of selling. But with respect to this conspiracy, it was cocaine and cocaine-based. Okay. And he does have a history of having used cocaine as well as, as well as Pronapin in him. You're saying that it would be clearly erroneous to conclude, even though he did sell, use what he sold, it would be clearly erroneous to say that he might not. I never said he would. Wait, let me finish. I'm sorry. Okay. Please. Sure, sure. It's, it's, it's exasperating. You're saying that it's clearly erroneous to conclude that he wouldn't have sold the methamphetamine, that he was going to use it. Correct. Even though, even though he did sell cocaine and use it. He sold cocaine-based and he sold heroin. Okay. Thank you. Yes. And then as far as the government's argument about the second point, about the. The constitutional argument. Yes. Thank you. This Court has not recognized that a connection between drug trafficking and, and, and a clear. And you don't think that a history of drug trafficking shows that somebody is dangerous? That is, they are a dangerous person? Yeah. No. You do not think that? No, I do not.  We do have that argument. Thank you very much, Ms. Marr. The case is submitted. Okay.